Rocco Parella, J.
The sole issue in this case is one of coverage, i.e., whether the automobile operated by the defendant James Hill and involved in an accident on February 21, 1955, when the defendants Sadie Farber and Ann Bosenel were allegedly injured, was owned by said defendant, James Hill. If owned by him, then the insurance by the express terms of plaintiff’s policy does not apply; otherwise, coverage under the policy would exist and the terms be applicable. In that event, the provisions of section 94-q of the Vehicle and Traffic Law would also he applicable, as that section (subd. [i], par. [1]) provides that the liability of any company under a motor vehicle policy shall become absolute whenever loss or damage “ covered by said policy ” occurs. The provision therein that “No statement made by the insured or on his behalf,” and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery, would, accordingly, apply only in the event it is first determined that coverage under the policy does in fact exist.
Even though the written statements made by the defendants Hill and Bracket are strong admissions against interest on the issue of ownership of the automobile, still I am satisfied, from a fair preponderance of the evidence adduced before me, that at the time of said accident the actual, lawful and real owner of said automobile was not the defendant James Hill, but the *806 defendant Lee Andrew Bracket, in whose name the automobile was in fact registered as owner.
Consequently, there will be judgment declaring that under the terms of the liability insurance policy the plaintiff is legally liable to defend and indemnify the defendant James Hill from any claims of the defendants Sadie Farber and Ann Rosenel arising out of the accident on February 21, 1955, and without costs as against any party.
All motions upon which decision was reserved and not otherwise hereby disposed of, are denied.
This constitutes the decision of the court. Settle judgment on notice.